# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

   v.

Carth Henry Hunt

July 29, 1999

Case No. CR98-819

BY JUDGE WILLIAM H. LEDBETTER, JR.

In a post-conviction motion, the defendant in this case asks the court to set aside the jury verdict on the ground of juror misconduct or, in the alternative, to investigate further his allegation of juror misconduct.

## Facts

The defendant Hunt was convicted in a jury trial on March 12, 1999, of attempted statutory burglary and sentenced to six years in prison. At a sentencing hearing on May 18, 1999, the court imposed the sentence fixed by the jury. The final order was entered on June 1, 1999.

Hunt noted an appeal. In addition, he filed post-trial motions including the motion that is the subject of this opinion. Pursuant to Rule 1:1, the court suspended its final order for thirty days so that the motions could be argued.

The court heard arguments on the post-trial motions on July 20, 1999. The motion involving alleged juror misconduct was taken under advisement. The court extended the suspension of the final order.

At the hearing on July 20th, the defendant presented the following evidence.

Hunt's sister, Patricia Evans, and a friend, James B. McKnight, testified that they went to a 7-11 store for a snack during the lunch recess on the day of Hunt's trial. While there, they saw a juror enter the store with a companion. They were "chatting." Upon seeing Evans and McKnight, the juror's

companion put his finger on his lips and said "sh-h-h-h" to the juror. Neither the juror nor the juror's companion spoke after entering the store.

According to the testimony, the juror's companion had been sitting in the courtroom observing the trial earlier that morning.

The witnesses could not identify the juror except that she was a middle-aged woman with a ponytail, dark hair, dark clothing. However, Evans said that she would recognize her if she saw her again.

Hunt argues that this evidence indicates that the juror was, or might have been, discussing the case with the non-juror, contrary to the instructions of the court. The Commonwealth argues that the evidence presented is inadequate to permit such a conclusion.

## Decision

In a criminal prosecution, a defendant is entitled to a public trial by an impartial jury. Constitution of Virginia, Art. I, § 8.

A juror may not receive any information about a case except in open court and in the manner provided by law. *Brittle v. Commonwealth*, 222 Va. 518 (1981); *Evans-Smith v. Commonwealth*, 5 Va. App. 188 (1987).

Virginia has been more careful than most states to protect the inviolability of jurors' deliberations. Ordinarily, the testimony of jurors should not be received to impeach their own verdict, especially on grounds of their own misconduct. The unanimous verdict is the best evidence of each juror's opinion of the case. See Costello, *Virginia Criminal Law and Procedure* (2d ed. 1995), § 57.11.

The principle is well settled that a verdict may not be impeached solely upon a juror's mental processes. Jurors should not be called to explain their verdict by stating the reasons upon which their conclusions were based. *F.D.I.C. v. Mapp*, 184 Va. 970 (1946).

However, where the alleged misconduct is not the juror's mental processes but the receipt of information about the case, *aliunde*, which may have influenced the jury's mental processes, the court has a duty to investigate and to ascertain whether as a matter of fact the jury was guilty of misconduct. *Commercial Union v. Moorefield*, 231 Va. 260 (1986); *Harris v. Commonwealth*, 13 Va. App. 47 (1991); *Evans-Smith v. Commonwealth*, *supra*. The trial court properly may summon one or more jurors to testify under oath in open court and to answer relevant questions propounded by the court and counsel about what transpired. *Commercial Union v. Moorefield*, *supra*.

The evidence presented by Hunt at the hearing on July 20th is sketchy and inconclusive. Nonetheless, it raises at least a suspicion that a juror could have been tainted by extra-judicial private communication with a third party, a party who allegedly was in the courtroom observing the trial.

For this reason, the court will exercise its discretion to investigate the matter further. Accordingly, Hunt's motion is granted insofar as it requests such further inquiry, and the court will direct the clerk to summon the female jurors who served on the jury in this case to appear on August 10, 1999, at 2:00 p.m. for such inquiry.

Until then, the final order in this case remains suspended.